[Civ. No. 7046. First Appellate District, Division Two.—October 9, 1929.]

FRANKLIN ELLERY, Jr., Appellant, v. THE PACIFIC LUMBER COMPANY (a Corporation) et al., Respondents.

MARY S. BAIR, Appellant, v. THE PACIFIC LUMBER COMPANY (a Corporation) et al., Respondents.

ELLEN E. ELLERY, Appellant, v. THE PACIFIC LUMBER COMPANY (a Corporation) et al., Respondents.

John F. Barnett, W. F. Clyborne and John F. Quinn for Appellants.

Nelson & Ricks for Respondents.

NOURSE, J.—The three cases noted in the title were all instituted against the defendants to recover damages in trespass for cutting and removing timber from lands claimed by each plaintiff. The cases were consolidated for trial, were tried before the court sitting without a jury, and in each case judgment went for the defendants. The plaintiffs have joined in an appeal on typewritten transcripts.

■ The controversy arises over the conflict and uncertainty of surveys made by the contending parties showing the line of division between the lands owned by the respective plaintiffs and the defendants. This conflict, in turn, arises from the loss or obliteration of some of the government survey corners established in 1872 and particularly the common corner of sections 4, 5, 8 and 9. The case presented to the trial court was a simple question of fact— whether the defendants committed a trespass upon lands owned by the plaintiffs. On that issue the burden of proof was on the plaintiffs and the trial court found that that burden had not been sustained. On this appeal the single point raised by the appellants is that the evidence is insufficient to support the findings. ■ There is no rule of law involved in the appeal except the rule that an appellate court will not disturb a judgment based on conflicting evidence when there is competent evidence to sustain the judgment rendered.

■ It will serve no purpose to give a full *résumé* of the evidence produced on the issue tried; it is sufficient to refer to the evidence relating to the location of the common corner 4–5–8–9 as indicating the wide conflict between the parties. The government field-notes locating this common corner read in part: "10.00. A brook 17 links wide runs N.W.—39.06. Larrabee Creek 77 links wide, runs W." The surveyor employed by the respondents, basing his calculations partly on the method of proportionate distances,

located this corner at a point which measured but three feet less in distance from Larrabee Creek than that called for in the government field-notes. The surveyor employed by the appellants placed the corner more than 700 feet short of that called for. The respondents relied upon a well-defined and well-known brook at the point mentioned in the field-notes, while the appellants relied upon a dry depression in the land which it was admitted did not contain running water. In an effort to establish this depression as the ''brook'' mentioned in the field-notes the appellants asserted that the brook might have been filled by timber and debris, but the respondents had a pit dug in this depression of the ground—a pit six feet in depth. Witnesses experienced in the life of the woods testified that there was no indication that a brook at any time had been located at the point fixed by appellants. It is conceded that the brook referred to in respondents' survey is not as wide as that mentioned in the government field-notes, but respondents rightly contend that the error in the width of the brook may be disregarded, and that the definite call by courses and distances to Larrabee Creek, which is a well-defined permanent monument, must prevail over the indefinite locations and calls relied on by appellants.

■ The foregoing is a fair sample of the differences between the parties covering the location of each corner and the running of each line of the survey. It is conceivable that both surveyors may have done some guessing in the course of their work and that their calculations may have been wrong in some respects, but these surveys, and the testimony taken in regard to them, enjoy no different character or relation to the trial of the case than other evidence which must be heard and weighed by the trial court. All we have on this appeal is the confident assertion of the appellants that the surveyor employed by them was entitled to greater credence than the surveyor employed by respondents, and that the preponderance of the evidence therefore .supported their contentions. But the issue was the boundary line between the properties of the respective parties and in determining that line the trial court had all the witnesses before it and heard all the testimony. ■ It was for that court to decide which of the witnesses were

the most competent and reliable and what of the evidence was the most convincing.

We find no error in the record.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 7, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1929.

All the Justices concurred.